IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. DAVID MERCED,<br> Petitioner,<br><br>  v.<br><br>DONALD HULICK, Warden,<br> Respondent. | )<br>)<br>)<br>)<br>) 07 C 5849<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Petitioner David Merced's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the respondent's motion to dismiss are before the court. For the following reasons, the court finds that Merced's petition is time-barred and, therefore, grants the respondent's motion to dismiss.

## Background

Respondent Donald Hulick is the warden of the Menard Correctional Center, where petitioner David Merced (prisoner number K84030) is currently incarcerated. On March 24, 1999, Danny Gonzales was fatally shot. On August 22, 2000, after a jury trial in the Circuit Court of Cook County, Merced was found guilty of first degree murder in connection with Gonzalez's death and was sentenced to a 45-year prison term. *See People v. Merced*, No. 1-00-3073 (1st Dist. Aug. 30, 2002) (Rule 23 order). On August 30, 2002, the Illinois Appellate Court affirmed. *Id.* Merced filed a timely petition for leave to appeal ("PLA") with the Illinois Supreme Court, which was denied on February 5, 2003. *See People v. Merced*, No. 94984 (Ill. Feb. 5, 2003) (unpublished order). Merced did not file a petition for a writ of certiorari with the United States Supreme Court.

On February 24, 2003, Merced filed a pro se state post-conviction petition in the Circuit Court of Cook County.[1] The trial court summarily dismissed the petition based on res judicata and other procedural grounds. *See People v. Merced*, No. 1-03-1905, at 3 (1st Dist. Aug. 27, 2004) (Rule 23 order). Merced appealed, and the Illinois Appellate Court ruled in his favor, holding that the trial court's summary dismissal was improper. *See id.* Merced's victory was fleeting, as the State filed a successful PLA with the Illinois Supreme Court. Specifically, on September 29, 2005, the Illinois Supreme Court denied the State's PLA, but ordered the appellate court to vacate its judgment and reconsider the case based on the decision in *People v. Blair*, 215 Ill.2d 427 (Ill. 2005), a case approving the use of summary dismissals on the basis of waiver, forfeiture, or res judicata.

On November 18, 2005, the Illinois Appellate Court, consistent with the decision in *Blair*, vacated its previous judgment and affirmed the trial court's judgment dismissing Merced's state post-conviction petition. *See People v. Merced*, No. 1-03-1905 (1st Dist. Nov. 18, 2005) (Rule 23 order). On May 9, 2007, Merced filed a motion for leave to file a late PLA with the Illinois Supreme Court that included his proposed PLA as an attachment. The Illinois Supreme Court denied leave to file a late PLA on September 14, 2007. *See People v. Merced*, No. M11856 (Ill. Sept. 14, 2007) (unpublished order).

---

[1] In his federal habeas petition, Merced states that he filed his state post-conviction petition on February 24, 2004. In the State's PLA (discussed later in this order), counsel states that Merced filed his petition on March 5, 2004. The respondent's counsel was unable to obtain a copy of the state post-conviction petition or the order denying that petition so he could not verify the date. When calculating the statute of limitations, the court will give Merced the benefit of the doubt and use the date he provided.

On September 19, 2007, Merced signed his federal habeas petition, which was filed with this court on October 16, 2007.[2]

## Discussion

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). As noted above, the Illinois Supreme Court denied Merced's PLA in his direct appeal on February 5, 2003, and Merced did not file a petition for a writ of certiorari with the United States Supreme Court.

For statute of limitation purposes, if a habeas petitioner does not seek certiorari, his direct appeal concludes ninety days after the state court of last resort denies relief. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000). Thus, the one-year statute of limitations would normally have begun to run ninety days after February 5, 2003, which is May 4, 2003.

However, under § 2244(d)(2), a properly filed application for state post-conviction relief tolls the statute of limitations (*i.e.*, temporarily stops the statute of limitations clock). *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Merced filed a state post-conviction petition on February 24, 2003. He thus prevented the statute of limitations clock

---

[2] The respondent's motion to dismiss states that Merced signed his § 2254 petition on September 27, 2007. The court will again give Merced the benefit of the doubt and use the date handwritten on Merced's pro se filings, which is September 19, 2007. *See* Docket No. 1 (§ 2254 petition) & No. 3 (motion for leave to proceed in forma pauperis).

-3-

from starting on May 4, 2003. The clock remained paused while his state post-conviction petition was pending.

On November 18, 2005, the Illinois Appellate Court affirmed the denial of post-conviction relief. Under the rules then in effect, Merced's PLA would have been due within twenty-one days after the Illinois Appellate Court's November 18, 2005, judgment. *See* Ill. Sup. Ct. R. 315(b). Merced did not file a timely PLA. The court will once again give Merced the benefit of the doubt and add twenty-one days (the time period in which Merced could have filed a timely PLA) to November 18, 2005. This means that the last day that the statute of limitations was tolled was December 9, 2005. In turn, this means that the statute of limitations (which gave Merced one year in which to file a § 2254 petition) began running the following day, December 10, 2005.

More than one year passed. Merced's next court filing was on May 9, 2007, when he filed a motion for leave to file a late PLA with the Illinois Supreme Court. Even if this motion was properly filed (a questionable proposition since it was filed well past the due date) and thus could toll the statute of limitations, there was nothing to toll, since the one-year limitations period had already run. *See Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000) (time between state appellate court's decision and a petitioner's filing of a late PLA is not tolled under §2244(d)(2)).

This means that the timeliness of Merced's § 2254 petition turns on whether it was filed within one year after the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Clearly, September 19, 2007 (the date that Merced

signed his § 2254 petition) is substantially more than one year after December 10, 2005. Thus, Merced's petition is untimely.

Merced asks the court to overlook the statute of limitations problem because he is pro se, did not complete high school, and has only limited access to the prison law library. The court construes this argument as a request for equitable tolling (*i.e.*, a request for a finding that before Merced used up his 365-day limitations period, the statute was tolled, or stopped, so that his petition is not in fact untimely). So far, establishing that equitable tolling is warranted has proven to be impossible in the Seventh Circuit. *See, e.g., Tucker v. Kingston,* No. 08-1405, — F.3d —, 2008 WL 3563835, *2 (7th Cir. Aug. 15, 2008) ("Equitable tolling is rarely granted . . . . Indeed, we have yet to identify a petitioner whose circumstances warrant it"); *Williams v. Buss,* — F.3d —, No. 07-1092, 2008 WL 3519569, *2 (7th Cir. Aug. 14, 2008) (questioning whether equitable tolling is available in § 2254 proceedings).

To be entitled to equitable tolling, to the extent that this relief is in fact available, a habeas petitioner must show (1) that he has been pursuing his rights diligently; and (2) an extraordinary circumstance prevented him from filing his federal habeas petition on time. *See Lawrence v. Florida,* 127 S. Ct. 1079, 1085 (2007). Mistakes in calculating the limitations period after the conclusion of state post-conviction proceedings do not constitute "extraordinary circumstances" even if a prisoner is unrepresented, as prisoners pursuing post-conviction relief have no constitutional right to counsel. *Id.* This is the situation here, as Merced made a mistake calculating the limitations period.

The court sympathizes with Merced's predicament: he is far from the first pro se litigant who has struggled with the often complex rules governing habeas corpus proceedings.

Nevertheless, mistakes of law "that might not be obvious to an unrepresented prisoner ... are not a basis for equitable tolling" even if they are reasonable. *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004); *see also Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling. Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers") (internal citations and quotations omitted). The Seventh Circuit has explicitly held that this rule applies to pro se habeas corpus petitioners. *Williams v. Sims*, 390 F.3d at 963 (collecting cases); *Tucker v. Kingston*, 2008 WL 3563835, at *2 ("the lack of legal expertise is not a basis for invoking equitable tolling").

Merced's argument about the limited access to legal materials provided at the Menard Correctional Center, where he is incarcerated, is also unavailing. Merced asserts that he is only allowed to visit the law library two hours every twenty days, and that this limited time, coupled with his limited education, prevented him from filing his § 2254 petition on time. However, the Seventh Circuit has rejected arguments of this nature, holding that equitable tolling is not available to prisoners who have limited access to legal materials. *See Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (60-day segregation without access to law library, alleged interference with prisoners' mail, and reliance on a service that falsely promised to prepare and file the petitioner's habeas petition did not justify equitable tolling); *see also Tucker v. Kingston*, 2008 WL 3563835, at *2 ("a prisoner's limited access to the prison law library is not grounds for equitable tolling"). For all of these reasons, the court finds that equitable tolling is unavailable.

The court next considers Merced's alternative tolling argument. Merced appears to be arguing that his limited access to the prison law library due to lock-downs constitutes a state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that tolled the statute of limitations. *See generally Moore v. Battaglia*, 476 F.3d 504 (7th Cir. 2007). The Seventh Circuit has expressly declined to decide if an inadequate library can be a state-created impediment that supports statutory tolling. *Id.* at 507. However, when a prisoner contends that he could not access an adequate library, the Seventh Circuit directs district courts to develop a record regarding the adequacy of the library (*i.e.*, whether it contained a copy of the statute of limitations) and whether the prison allowed the petitioner to access the statute. *Id.* at 508; *Williams v. Buss*, 2008 WL 3519569, at *3 ("This court examines claims of cause based on lack of access to a library on a case-by-case basis").

Accordingly, the court directed the parties to brief this issue. The respondent has provided an affidavit from the paralegal assistant at Menard's law library. *See* Docket No. 20-2. She states that Merced was allowed to access the library on at least 45 occasions during the year before his § 2254 petition was due. He visited the library 27 times for sessions lasting two and one-half hours each, and the paralegal assistant and an inmate law clerk visited his cell five times during lock-down periods. Moreover, the record shows that Menard's library contains current versions of Title 28 of the United States Code, which contains the applicable statute of limitations.

The court finds that these circumstances clearly show that no state-created impediment prevented Merced from filing his § 2254 petition on time. This means that the court has no choice but to find that Merced's § 2254 petition is untimely because it was filed after the

one-year statute of limitations had expired and neither equitable nor statutory tolling is available.

## Conclusion

For the above reasons, the respondent's motion to dismiss [#10] is granted and Merced's petition for relief under 28 U.S.C. § 2254 [# 1] is denied as time-barred. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

DATE:  August 22, 2008

/s/ Blanche M. Manning
Blanche M. Manning
United States District Judge